Karen I. Boyd (SBN #189808)
boyd@turnerboyd.com
Megan Whyman Olesek (SBN #191218)
olesek@turnerboyd.com
TURNER BOYD LLP
702 Marshall Street, Suite 640
Redwood City, California 94063
Telephone: (650) 521-5930
Facsimile: (650) 521-5931

Craig R. Smith (*pro hac vice* application to be submitted)
csmith@lalaw.com
Eric P. Carnevale (*pro hac vice* application to be submitted)
ecarnevale@lalaw.com
Peter J. Evangelatos (*pro hac vice* application to be submitted)
pevangelatos@lalaw.com
LANDO & ANASTASI LLP
60 State Street – 23rd Floor
Boston, Massachusetts 02109
Telephone: (617) 395-7000
Facsimile: (617) 395-7070

*Attorneys for Plaintiff Nested Bean, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NESTED BEAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> DREAMLAND BABY CO., <br><br> Defendant. | Case No. 20-cv-7546 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT AND UNFAIR COMPETITION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Nested Bean, Inc. ("Nested Bean"), by and through its undersigned counsel, sets forth its Complaint below against Dreamland Baby Co. ("Dreamland").

COMPLAINT 1 Case No. 20-cv-7546

1. Nested Bean is a leader in the infant sleepwear industry.  Founded by an information technology expert who wanted to help parents like herself, Nested Bean designs and sells infant sleepwear intended to assist infants with falling and staying asleep.  Nested Bean's award-winning line of Zen sleepwear incorporate technology invented by Nested Bean to help infants sleep with the aid of "pressure accessories," that provide gentle pressure on the infant to mimic the effect of being held.  The United States Patent Office awarded Nested Bean U.S. Patent No. 9,572,376 (the "'376 Patent") for its inventions.

2. More than a year after the '376 Patent issued, Defendant Dreamland purportedly developed a weighted garment to help babies fall asleep.  Dreamland's "Dream Weighted Sacks" incorporated Nested Bean's inventions, and therefore infringe the '376 Patent.  Dreamland was well-aware of Nested Bean and its intellectual property rights before this Complaint was filed, but nonetheless chose to infringe the '376 Patent.  Thus, Dreamland's infringement has been willful.

3. Nested Bean has brought this action to stop Dreamland's infringement and recover damages for Dreamland's use of Nested Bean's invention. Nested Bean alleges as follows:

## PARTIES

4. Nested Bean is a small Massachusetts corporation with its principal place of business at 131 Coolidge Street, Suite 102, Hudson, MA 01749.

5. Defendant Dreamland is a limited liability company having a principal place of business at 3338 Deer Hollow Drive, Danville, CA 94506.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States and the Lanham Act.  Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b).

7. Nested Bean's additional claim of unfair competition pursuant to California Bus. & Prof. Code § 17200 is sufficiently related to Nested Bean's federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.  Thus, this Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over Dreamland because Dreamland has its principal place of business in Danville, California. Dreamland manufacturers garments for infants and other infant accessories that have been made, used, sold, offered for sale, and/or purchased in the Northern District of California.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1400(b) because (1) Dreamland has committed, and continues to commit, acts of infringement in this District, including providing infant garments and other infant accessories that are used, offered for sale, sold and/or have been purchased in the State of California, including the Northern District of California; and (2) Dreamland has a regular and established place of business in the Northern District of California at its principal place of business in Danville, California. Upon information and belief, Dreamland also maintains other regular and established places of business in this district.

## INTRADISTRICT ASSIGNMENT

10. Because this action is an Intellectual Property action within the meaning of Civil Local Rule 3-2(c), the action is to be assigned on a district-wide basis.

## NESTED BEAN'S '376 PATENT

11. Founded in 2011, Nested Bean is a small, female-lead company that is an innovator in the infant sleepwear industry.

12. After many nights of lost sleep caring for her young children, Nested Bean's founder, Manasi Gangan, identified the need for an improved garment that helps achieve high-quality, long-lasting sleep for an infant.

13. Pairing her personal experience with scientific evidence that simulating a human touch with lightly weighted objects triggers the same neurological response in infants as a human touch does, an idea to develop a unique, lightly weighted infant sleepwear emerged. Manasi Gangan put her decades of corporate product development and business development experience to the test. Partnering with sleep experts, safety labs, and product designers, she developed early versions of the Zen Swaddle in 2011, and after numerous iterations and tests she finalized the

product in 2012.  Early prototypes of the product were so compelling, and the urge to help new parents so deep, that Manasi pursued this opportunity, and formed Nested Bean.

14. Nested Bean's first commercial product was the Zen Swaddle®, a lightly-weighted infant garment that features pressure pads designed to help soothe babies into a peaceful slumber.

15. The Zen Swaddle® has been praised by mothers for its ability to help infants fall asleep faster, and keep infants asleep longer, while allowing caregivers to get sleep of their own.

16. Since the widely successful launch of the Zen Swaddle®, Nested Bean has expanded its Zen Sleepwear product line to include the Zen One™, Zen Sack™, Zen Footie™, and Zen Bodysuit.





Nested Bean's Zen One™                               Nested Bean's Zen Footie™





Nested Bean's Zen Bodysuit                           Nested Bean's Zen Sack™

17. The Zen Sack™ is an easy-to-use garment that snuggly fits around an infant, and includes a gentle weight that provides a gentle pressure on an infant's chest to help soothe an infant to sleep.




18. Nested Bean's Zen Sleepwear product line has won numerous industry awards. For example, Nested Bean's Zen Sleepwear was named the "Most Innovative Product Line of the Year" in the 2019 "Best in the Biz" Awards program. The Zen Sack was also a 2020 winner of the Crisbie Award, and named a "top parent pick" for two consecutive years.

19. Nested Bean applied for and obtained patent protection for its inventions. On February 21, 2017, after full and fair examination, the United States Patent and Trademark Office duly and legally issued the '376 Patent, entitled "SLEEPING GARMENT."

20. Nested Bean holds all right, title, and interest in the '376 Patent with full rights to enforce the '376 Patent and sue and recover for past, present, and future infringement. A true and correct copy of the '376 Patent is attached as Exhibit A.

21. Nested Bean's products covered by the '376 Patent, including the Zen Sack™, are marked in accordance with the patent marking requirements set forth in 35 U.S.C. § 287(a).

22. Nested Bean has never given Dreamland permission or a license to use its inventions.

23. Nested Bean served a cease and desist letter on Dreamland on July 17, 2019, identifying the '376 Patent to Dreamland, and making it aware of Nested Bean's claims of infringement, in an attempt to avoid litigation over this matter. Dreamland refused to cease infringement of the '376 Patent.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 9,572,376**

24. Nested Bean repeats and realleges the preceding paragraphs of this Complaint as though fully repeated here.

25. Dreamland manufactures and sells products that infringe one or more claims of the '376 Patent.

26. Dreamland manufactures and sells the Dream Weighted Sack, including the 0-6 month model with Swaddle Wing, 6-12 month model, and 12-22 month model (collectively, the "Accused Products").

27. From May 22, 2019 to June 28, 2019, Dreamland sought funding for a version of the Accused Products on the crowdfunding website Kickstarter.com. Dreamland falsely advertised the Accused Product as the "World's First Weighted Sleep Sack." Kickstarter reported that the project was funded during its funding period. A true and correct copy of the Kickstarter website advertising the Accused Product is attached as Exhibit B to this Complaint.

28. Upon information and belief, 262 customers pledged $24,541 through Kickstarter to purchase the Accused Products.

29. Dreamland's Kickstarter campaign also indicated that the Accused Products were delivered to customers beginning in July and August 2019:

- **Production Timeline**
- August 2018: Idea conceived - Luke sleeps 12 hours!
- August- December 2018: design + prototype development
- January- March 2019: prototype testing
- April 2019: quality + safety testing of samples
- May-June: Run Kickstarter
- June: Kickstarter complete & Production begins
- July Production complete & final quality = safety certification
- July-August: Product ships
- August: Rewards delivered to YOU!

30. The Accused Products are available for purchase through Dreamland's website, at the Internet address <https://dreamlandbabyco.com/products/dream-wearable-weighted-blanket-12-18-months>, for $79 each. A true and correct copy of Dreamland's website advertising the Accused Products for sale is attached as Exhibit C to this Complaint.

31. On information and belief, Dreamland has actually sold the Accused Products through its website, including to customers in this judicial district.

32. On information and belief, Dreamland has authorized and/or intends to authorize third parties to sell the Accused Products in the United States, including to customers in this judicial district.

33. Dreamland has infringed, and continues to infringe, the '376 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling Dreamland's Accused Products.

34. The '376 Patent describes an infant garment that provides gentle pressure on the infant's body to mimic the human hold.

35. Claim 1 of the '376 Patent recites:

> 1. A wearable garment comprising: a textile base adapted for engaging a wearer, the textile base further comprising a flexible surface for engaging the wearer by wrapping around the wearer; and a pressure accessory attached to the textile base, the pressure accessory having a mass or bulk defining protrusions extending from

the surrounding textile base and adapted to engage the wearer by contacting the wearer at a location based on a position of the pressure accessory on the flexible surface, the pressure accessory defining a region of increased mass for providing a continuous pressure sensation greater than that exerted by the flexible surface alone.

36. Each and every element of independent claim 1 of the '376 Patent is present in the Accused Products, either literally or through the doctrine of equivalents.

37. The Accused Products are wearable garments.

38. Dreamland advertises on its website that the Accused Products are "a weighted blanket designed for a baby to safely wear."

39. Dreamland's website illustrates that the Accused Products are wearable by an infant:



40. The Accused Products include a textile base adapted for engaging a wearer, the textile base further comprising a flexible surface for engaging the wearer by wrapping around the wearer:




41. The Accused Products include a pressure accessory attached to the textile base, the pressure accessory having a mass or bulk defining protrusions extending from the surrounding textile base and adapted to engage the wearer by contacting the wearer at a location based on a position of the pressure accessory on the flexible surface:



42. The pressure accessories of the Accused Products define a region of increased mass for providing a continuous pressure sensation greater than that exerted by the flexible surface alone.

43. Dreamland advertises on its website that its Accused Products are "a weighted blanket" that includes "[g]entle weight is located on front (or top) of weighted sack only."

44. Dreamland advertises that the weighting in the Accused Products provide "[d]eep-pressure stimulation gives baby feelings of security and comfort to help them feel calm, fall asleep faster and stay asleep longer."

45. Dreamland's kickstarter campaign webpage indicates that the Accused Products provide "a gentle pressure on [an infant's] entire body" using plastic pellets that are "evenly distributed in hand-sewn 1'' boxes [within the garment] to provide a gentle weight and comfortable texture."

46. Dreamland literally infringes each and every limitation of claim 1 of the '376 Patent. To the extent any limitations of claim 1 are not literally present the Accused Product, such limitations are present and infringed under the doctrine of equivalents.

47. Dreamland has directly infringed and continues to infringe at least claim 1 of the '376 Patent by making, using, offering for sale within the United States, and/or importing into the United States its Accused Products in violation of 35 U.S.C. §§ 271 (a), (b), and/or (c).

48. Dreamland had actual notice of the '376 Patent at least as early as July 2019. Nested Bean sent a cease and desist letter to Dreamland on July 17, 2019. A copy of the letter sent Dreamland is attached as Exhibit D, and is incorporated herein by reference.

49. Dreamland also had knowledge of the '376 Patent because Nested Bean marked its products with the '376 Patent.

50. On or around July 2019, Dreamland's kickstarter webpage included a statement comparing its Accused Products to Nested Bean's products: "Nested Bean has a weighted component on the chest. If your baby enjoys your hand on their chest, try them out! If you [sic] baby likes being hugged or held you are going to want a gently EVENLY DISTRIBUTED weight that covers your baby's ENTIRE body."

51. Dreamland's infringement of the '376 Patent has been, and continues to be, willful, intentional, and purposeful, in disregard of Nested Bean's rights.

52. Dreamland's infringement will continue to damage Nested Bean's business, causing irreparable harm for which there is no adequate remedy at law, unless Dreamland's wrongful acts are enjoined by this Court.

53. Dreamland's infringement has caused and continues to cause damage to Nested Bean, and Nested Bean is entitled to recover damages pursuant to 35 U.S.C. § 284.

## COUNT II
## UNFAIR COMPETITION (15 U.S.C. § 1125(a))

54. Nested Bean repeats and realleges the preceding paragraphs of this Complaint as though repeated here.

55. Dreamland's conduct constitutes unfair competition in violation of 15 U.S.C. §1125(a).

56. Dreamland has advertised that its Dream Weighted Sacks are "the only weighted blanket [a] baby can safely wear," "the world's first safety certified [w]eighted [b]lanked designed for infants," and are "clinically proven to increase feelings of calmness and improve sleep patterns" on its website and elsewhere in commerce, in connection with the advertising, sale, and offer for sale of the Accused Product.

57. Dreamland's conduct is likely to cause confusion, mistake, or deception as to the value of the Accused Products, and is likely to mislead purchasers and potential purchasers of both Nested Bean and Dreamland's products to believe that that Dreamland's products are the "first" weighted blanket available on the market for infants.

58. Dreamland's conduct has been deliberate and willful and has been committed with the intent to cause confusion and mistake, to deceive the public, and/or to misrepresent the nature of Dreamland's goods.

59. Dreamland's conduct will continue to damage Nested Bean's business, causing irreparable harm for which there is no adequate remedy at law, unless Dreamland's wrongful acts are enjoined by this Court.

60. Dreamland's conduct has caused and continues to cause damage to Nested Bean, and Nested Bean is entitled to recover its damages pursuant to 15 U.S.C § 1117.

# COUNT III
# UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200))

56     Nested Bean repeats and realleges the preceding paragraphs of this Complaint as though repeated here.

57     Dreamland's conduct constitutes unfair competition in violation of California's Unfair Competition Law, including Cal. Bus. & Prof. Code § 17200.

58     Dreamland has advertised that its Dream Weighted Sacks are "the only weighted blanket [a] baby can safely wear," "the world's first safety certified [w]eighted [b]lanked designed for infants," and are "clinically proven to increase feelings of calmness and improve sleep patterns" on its website and elsewhere in commerce, in connection with the advertising, sale, and offer for sale of the Accused Product.

59     Dreamland's conduct is likely to cause confusion, mistake, or deception as to the value of the Accused Products, and is likely to mislead purchasers and potential purchasers of both Nested Bean and Dreamland's products to believe that that Dreamland's products are the "first" weighted blanket available on the market for infants.

60     Dreamland's conduct has been deliberate and willful and has been committed with the intent to cause confusion and mistake, to deceive the public, and/or to misrepresent the nature of Dreamland's goods.

61     Dreamland's conduct will continue to damage Nested Bean's business, causing irreparable harm for which there is no adequate remedy at law, unless Dreamland's wrongful acts are enjoined by this Court.

62     Dreamland's conduct has caused and continues to cause damage to Nested Bean, and Nested Bean is entitled to recover its damages.

## EXCEPTIONAL CASE DETERMINATION

63     This is an exceptional case entitling Nested Bean to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

# PRAYER FOR RELIEF

WHEREFORE, Nested Bean prays for an order entering judgment against Dreamland as follows:

    A.    For judgment that the patent-in-suit has been and continues to be infringed by Dreamland;

    B.    For judgment that Dreamland has been and continues to act unfairly in violation of the Lanham Act and California law;

    C.    For an injunction, permanently enjoining Dreamland, its officers, agents, employees, and attorneys, and all persons acting in concert or participation with Dreamland from further acts of infringement and unfair competition;

    D.    That Nested Bean be awarded damages adequate to compensate it for Dreamland's actions, including its infringement pursuant to 35 U.S.C. § 284, including prejudgment and post-judgment interest;

    E.    For an accounting of all damages sustained by Nested Bean as a result of Dreamland's actions;

    F.    For enhanced damages pursuant to 35 U.S.C. § 284;

    G.    For an award of attorneys' fees pursuant to 35 U.S.C. § 285;

    H.    For Nested Bean's costs and expenses in this matter; and

    I.    For any other relief as the Court deems just and proper.

Dated: October 27, 2020                                   Respectfully submitted,

                                                                        /s/ Megan Whyman Olesek
                                                                        Karen I. Boyd (SBN #189808)
                                                                        boyd@turnerboyd.com
                                                                        Megan Whyman Olesek (SBN #191218)
                                                                        olesek@turnerboyd.com
                                                                        **TURNER BOYD LLP**
                                                                        702 Marshall Street, Suite 640
                                                                        Redwood City, CA 94063
                                                                        Tel:    (650) 521-5930
                                                                        Fax:   (650) 521-5931

Craig R. Smith (*pro hac vice* application to be submitted)
csmith@lalaw.com
Eric P. Carnevale (*pro hac vice* application to be submitted)
ecarnevale@lalaw.com
Peter J. Evangelatos (*pro hac vice* application to be submitted)
pevangelatos@lalaw.com
**LANDO & ANASTASI, LLP**
60 State Street, 23rd Floor
Boston, MA 02109
Tel:   (617) 395-7000
Fax:   (617) 395-7070

***Attorneys for Plaintiff Nested Bean, Inc.***

## I. <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Civil Local Rule 3-6, Nested Bean, Inc. hereby demands a trial by jury of all issues so triable this action.

Dated: October 27, 2020                           Respectfully submitted,

                                                     /s/ Megan Whyman Olesek
                                                   Karen I. Boyd (SBN #189808)
                                                   boyd@turnerboyd.com
                                                   Megan Whyman Olesek (SBN #191218)
                                                   olesek@turnerboyd.com
                                                   **TURNER BOYD LLP**
                                                   702 Marshall Street, Suite 640
                                                   Redwood City, CA 94063
                                                   Tel:   (650) 521-5930
                                                   Fax:   (650) 521-5931

                                                   Craig R. Smith (*pro hac vice* application to be submitted)
                                                   csmith@lalaw.com
                                                   Eric P. Carnevale (*pro hac vice* application to be submitted)
                                                   ecarnevale@lalaw.com
                                                   Peter J. Evangelatos (*pro hac vice* application to be submitted)
                                                   pevangelatos@lalaw.com
                                                   **LANDO & ANASTASI, LLP**
                                                   60 State Street, 23rd Floor
                                                   Boston, MA 02109
                                                   Tel:   (617) 395-7000
                                                   Fax:   (617)-395-7070

                                                 ***Attorneys for Plaintiff Nested Bean, Inc.***