M. Elizabeth Day (SBN 177125)
eday@feinday.com
Marc Belloli (SBN 243760)
mbelloli@feinday.com
**FEINBERG DAY KRAMER ALBERTI
LIM TONKOVICH & BELLOLI LLP**
577 Airport Blvd., Suite 250
Burlingame, CA. 94010
Tel: 650 825-4300/Fax 650 460-8443

Brian N. Platt (*admitted pro hac vice*)
bplatt@wnlaw.com
**WORKMAN NYDEGGER**
60 East South Temple Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

*Attorneys for Defendant Dreamland Baby Co.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| NESTED BEAN, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>DREAMLAND BABY CO.,<br><br>      Defendant. | Case No: 3:20-cv-7546-JD<br><br><br>**DREAMLAND BABY CO.'S ANSWER TO NESTED BEAN, INC.'S COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Dreamland Baby Co. ("Dreamland"), by and through its undersigned counsel, for its Answer to Nested Bean, Inc.'s ("Nested") Complaint, states as follows:

1.      Defendant admits that U.S. Patent No. 9,572,376 (the "'376 Patent") was granted by the United States Patent and Trademark Office.  As to the remaining allegations of Paragraph 1 of the Complaint,

ANSWER TO COMPLAINT
3:20-CV-7546-JD

1

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

2.      Defendant admits that Dreamland sells a product called the Dream Weighted Sack.  Defendant denies the remaining allegations of Paragraph 2 of the Complaint.

3.      Defendant admits that Plaintiff filed this action.  Defendant denies the remaining allegations of Paragraph 3 of the Complaint.

**PARTIES**

4.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint and therefore denies them.

5.      Admit that Dreamland is a California corporation with a business address at 3338 Deer Hollow Drive, Danville, CA 94506.

**JURISDICTION AND VENUE**

6.      Admit that this action arises under the patent laws of the United States and the Lanham Act, and that this Court has subject matter jurisdiction over this action.

7.      Admit that this Court has supplemental jurisdiction over Plaintiff's state law claims.

8.      Admit that this Court has personal jurisdiction over Defendant, and that Defendant has its principal place of business in Danville, California.

9.      Admit that venue is proper in this judicial district.

**INTRADISTRICT ASSIGNMENT**

10.     Admit that this action is an Intellectual Property action within the meaning of Civil Local Rule 3-2(c).

**NESTED BEAN PATENT**

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and therefore denies them.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and therefore denies them.

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the

ANSWER TO COMPLAINT                                    2
3:20-CV-7546-JD

allegations in Paragraph 13 of the Complaint and therefore denies them.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore denies them.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore denies them.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore denies them.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore denies them.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore denies them.

19.     Defendant admits that U.S. Patent No. 9,572,376 (the "'376 Patent") was granted by the United States Patent and Trademark Office.  As to the remaining allegations of Paragraph 19 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

20.     Defendant admits that Exhibit A appears to be a copy of the '376 Patent.  As to the remaining allegations of Paragraph 20 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and therefore denies them.

22.     Admit that there are no license agreements between the parties for any intellectual property.  As to the remaining allegations of Paragraph 22 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

23.     Admit that Defendant received and responded to correspondence from Plaintiff regarding certain patents.  As to the remaining allegations of Paragraph 23 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## COUNT I

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,572,376

24. Defendant restates and incorporates by reference its responses to the allegations in the preceding paragraphs.

25. Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant admits that it manufactures and sells products called the Dream Weighted Sack & Swaddle, 0-6 mo., the Dream Weighted Sack, 6-12 mo., and the Dream Weighted Sack, 12-24 mo. As to the remaining allegations of Paragraph 26 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

27. Defendant admits that it sought funding through a crowdfunding campaign on Kickstarter, and admits that Exhibit B appears to be at least a partial printout of that campaign, which document speaks for itself. Defendant denies the remaining allegations of Paragraph 27 of the Complaint.

28. Defendant admits that 262 backers pledged $24,541 in support of its Kickstarter campaign. Defendant denies the remaining allegations of Paragraph 28 of the Complaint.

29. Defendant denies the allegations set forth in Paragraph 29 of the Complaint because the "Production Timeline" set forth in the Kickstarter campaign was aspirational, and reflected the goals of the Kickstarter campaign.

30. Defendant admits that its Dream Weighted Sack products are available through its website. Defendant admits that Exhibit C appears to be at least a partial printout of its website. Defendant denies the remaining allegations of Paragraph 30 of the Complaint.

31. Defendant admits that it has sold the Dream Weighted Sack products through its website, including to customers in this judicial district.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, which are vague and ambiguous as to the meaning of "authorized," "intends to authorize," and "third parties" and therefore denies them.

33. Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

34. Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

35.     Defendant admits that Paragraph 35 appears to correctly recite Claim 1 of the '376 Patent.

36.     Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

37.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, which are vague and ambiguous as to the meaning of "wearable garment" and therefore denies them.

38.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, which are vague and ambiguous as to the alleged location of such statements and therefore denies them.

39.     Defendant admits that Paragraph 39 contains what appears to be a photo of an infant in a Dream Weighted Sack from the Defendant's website.  Defendant denies the remaining allegations of Paragraph 39 of the Complaint.

40.     Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations set forth in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

43.     Defendant admits that its website contains the statement "[g]entle weight is located on front (or top) of weighted sack only."  Defendant denies the remaining allegations of Paragraph 43 of the Complaint.

44.     Defendant admits that its website contains the statement "[o]ur weighted sack is designed to help baby feel calm, fall asleep faster and stay asleep longer. The gentle weight naturally reduces stress and increases relaxation through deep-pressure stimulation to give baby feelings of security and comfort." Defendant denies the remaining allegations of Paragraph 44 of the Complaint.

45.     Defendant denies the allegations set forth in Paragraph 45 of the Complaint, which misquotes language from the Defendant's Kickstarter campaign.

46.     Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations set forth in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations set forth in Paragraph 48 of the Complaint.

49.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint, and therefore denies them.

50.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint, and therefore denies them.

51.     Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations set forth in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations set forth in Paragraph 53 of the Complaint.

## COUNT II

## ALLEGED UNFAIR COMPETITION (15 U.S.C. § 1125(a))

54.     Defendant restates and incorporates by reference its responses to the allegations in the preceding paragraphs.

55.     Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

56.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first Paragraph 56 of the Complaint, as the Complaint fails to state when or where or by whom such statements were made, and therefore denies them.

57.     Defendant denies the allegations set forth in the first Paragraph 57 of the Complaint.

58.     Defendant denies the allegations set forth in the first Paragraph 58 of the Complaint.

59.     Defendant denies the allegations set forth in the first Paragraph 59 of the Complaint.

60.     Defendant denies the allegations set forth in the first Paragraph 60 of the Complaint.

## COUNT III

## ALLEGED UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200)

61.     Defendant restates and incorporates by reference its responses to the allegations in the preceding paragraphs.

62.     Defendant denies the allegations set forth in the second Paragraph 56 of the Complaint.[1]

63.     Defendant denies the allegations set forth in the second Paragraph 57 of the Complaint.

64.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the

---

[1] The Complaint contains duplicate paragraph numbers, including two sets of paragraphs 56-60. The Answer responds to these paragraphs by denoting when it is responding to the first or second of a duplicated paragraph number.

allegations in the <u>second</u> Paragraph 58 of the Complaint, as the Complaint fails to state when or where or by whom such statements were made, and therefore denies them.

65.     Defendant denies the allegations set forth in the <u>second</u> Paragraph 59 of the Complaint.

66.     Defendant denies the allegations set forth in the <u>second</u> Paragraph 60 of the Complaint.

67.     Defendant denies the allegations set forth in Paragraph 61 of the Complaint.

68.     Defendant denies the allegations set forth in Paragraph 62 of the Complaint.

## EXCEPTIONAL CASE DETERMINATION

69.     Defendant denies the allegations set forth in Paragraph 63 of the Complaint.

## PRAYER FOR RELIEF

70.     Defendant is not required to provide a response to Paragraphs A-I of the Complaint.  Defendant denies that Plaintiff is entitled to the relief requested in the Prayer for Relief and denies any allegations set forth therein.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant incorporates by reference the foregoing paragraphs in their entirety and assert the following affirmative defenses.  By asserting these affirmative defenses, Defendant does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear, regardless of how such defenses are stated herein.  Defendant reserves all affirmative defenses permitted under the Federal Rules of Civil Procedure, the Patent Laws, and/or at law or in equity, that may now exist or in the future be available based on discovery and further investigation in this case, as well as the right to amend this Answer to include those defenses.

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

Defendant does not infringe and has not infringed (not directly, indirectly, contributorily, by inducement, willfully, or otherwise) any valid, enforceable claim of the '376 patent, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

The claims of the '376 patent are invalid and void for failure to comply with the conditions of

ANSWER TO COMPLAINT
3:20-CV-7546-JD

7

patentability specified in 35 U.S.C. §§ 1, *et seq*, including but not limited to the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.  For example, each claim is invalid as claiming concepts already known to the public at the time of the alleged invention.

**THIRD AFFIRMATIVE DEFENSE**
**(Prosecution History Estoppel and Disclaimer)**

Plaintiff's claims are barred by the doctrine of prosecution history estoppel and/or disclaimer based on statements, representations, and admissions made during prosecution of the patent application resulting in the '376 patent.

**FOURTH AFFIRMATIVE DEFENSE**
**(Limitations on Damages)**

Plaintiff's claims for damages for alleged infringement, if any, of the '376 patent are statutorily limited by 35 U.S.C. §§ 286 and/or 287.

**FIFTH AFFIRMATIVE DEFENSE**
**(Limitations on Costs)**

Plaintiff is barred by 35 U.S.C. § 288 from recovering any costs associated with this action.

**SIXTH AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Attorneys' Fees and Costs)**

Plaintiff cannot show this is an exceptional case, and therefore has no basis to recovery of attorneys' fees and cannot recover costs as a matter of law.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Ensnarement)**

Plaintiff cannot assert the claims of the '376 Patent under the doctrine of equivalents to cover the accused products because such an asserted claim scope would encompass or ensnare the prior art.

**NINTH AFFIRMATIVE DEFENSE**
**(No Equitable Relief)**

Plaintiff's claim for injunctive relief is barred because Plaintiff has an adequate remedy at law and has suffered no irreparable harm.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TENTH AFFIRMATIVE DEFENSE
### (No False or Unfair Statements)

Plaintiff cannot assert its claims for unfair competition because the statements complained of are not untrue, unfair, deceptive, or misleading.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Damages)

Plaintiff cannot assert its claims for unfair competition because it cannot prove that it has been damaged or harmed by the statements complained of.

## TWELTH AFFIRMATIVE DEFENSE
### (Preemption)

Plaintiff cannot assert its claims for unfair competition to the extent such claims are preempted by federal law.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

Defendant reserves the right to add additional affirmative defenses upon discovery of additional information bearing on the claims in Plaintiff's Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Dreamland Baby Co. prays that this Court enter a judgment in its favor and against Nested Bean, Inc. as follows:

A.      Entry of judgment in favor of Dreamland Baby and against Nested Bean fully and finally dismissing Nested Bean's Complaint in its entirety, with prejudice, with Nested Bean taking nothing by way of its claims.

B.      A declaration that this is an exceptional case under 35 U.S.C. § 285 and an award to Dreamland Baby of its costs, attorneys' fees, and expenses; and

C.      Granting Dreamland Baby such other relief as the Court deems just and proper.

ANSWER TO COMPLAINT
3:20-CV-7546-JD

9

Dated: February 23, 2021

WORKMAN NYDEGGER, P.C.

By: */s/ Brian N. Platt*
       Brian N. Platt

FEINBERG DAY KRAMER ALBERTI
LIM TONKOVICH & BELLOLI LLP

M. Elizabeth Day
Marc Belloli

*Attorneys for Defendant Dreamland Baby Co.*

ANSWER TO COMPLAINT
3:20-CV-7546-JD

10